STATE v. OVERBY.

(October 30, 1900.)

*Verdict—Jury—Poll—Larceny—Burglary.*

> Where, upon a poll of the jury, a juror responds, "I agreed to find him guilty of taking the money," it is error for Court to order verdict of guilty of larceny entered against defendant.

INDICTMENT against Amos Overby, heard by Judge *J. W. Bowman* and a jury, at Fall Term, 1900, of VANCE Superior Court. From a verdict of guilty and judgment thereon, the defendant appealed.

*Zeb. V. Walser,* Attorney-General, for the State.
*Pittman & Kerr,* for the defendant.

FURCHES, J.   This case comes before us upon objection of the defendant to the entry of the verdict of guilty.   The defendant was indicted in two counts—one for burglariously entering the dwelling-house of one Green Reavis "in the daytime," with the felonious intent to steal.   The other count was for the larceny of money taken from said dwelling-house.   It seems that the jury had trouble in coming to a verdict, returned into court several times, and reported that they had not agreed, and that they did not believe they would be able to agree, and asked what was to be done when one juror would not act or come to any conclusion.   The Court then stated to them that it was the duty of each juror to act for himself, and indicate his finding by his vote, and directed them to retire again.   In the course of a few hours the jury came into court again, and were asked if they had agreed on a verdict, when the foreman responded that they had.   They were then asked what was their verdict, when the foreman responded, "Guilty on both counts."   The defendant then demanded that the jury should be polled on both counts, which was done, and 11 answered, "Guilty on both counts." But one of the jury, by the name of James M. Watson, said: "I don't know much about two counts.   I agreed to find him guilty of taking the money."   The Court then said to him: "How do you suppose he got the money?"   And the juror answered:   "I don't know very much about that.   It was too long between drinks." The Court then ordered "a verdict of guilty to be entered on the second count, for larceny."   This verdict is not such a verdict as should be allowed to stand. It is not a unit—an agreement in the minds of the 12 jurors, concurring in the guilt of the defendant, which is necessary to constitute a verdict of guilty.   It requires more than the simple "taking of property" to constitute larceny.   It must be taken and carried away with the felonious intent which

is the gravamen of the offense. The verdict of the juror Watson is lacking in this material element, and vitiates the verdict. But we can not close this opinion without saying that, if the juror Watson was not punished for contempt, it must have been owing to the great leniency of the presiding Judge. Not that he failed to agree with his fellows upon a verdict of guilty, for in this matter he must be allowed to exercise his own judgment, without restraint from the Court or anyone else; but for the manner in which he demeaned himself, and for the impertinent answer he made to a pertinent question asked him by the Court—"that it had been too long between drinks." There was error in ordering the verdict of guilty to be entered against the defendant, for which he is entitled to a new trial.

Error.    New trial.